UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAILEY BOYD, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE BOSTON BEER COMPANY, INC.<br><br>　　　　Defendant. | Civil Action No. 1:25-cv-13618 |

**<u>DEFENDANT THE BOSTON BEER COMPANY, INC.'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

4932-8864-1408.9

TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................1

II.   RELEVANT FACTS ..............................................................................................2

    A.    Plaintiffs' Employment at Boston Beer ....................................................2
    B.    Procedural History of Related Case...........................................................4

III.  ARGUMENT ..........................................................................................................5

    A.    Legal Standard ..........................................................................................5
    B.    The MNAA Does Not Require Employers to Pay Garden Leave and Boston Beer's Non-Competition Provision Complies with the MNAA By Providing Other Mutually-Agreed Upon Consideration..........................................6
    C.    Plaintiff's 93A Claims (Count II) and Common Law Claims (Counts III and IV) Should be Dismissed and Defendant Should be Awarded Fees Because Boston Beer Successfully Moved to Dismiss These Claims in the Related Proceeding ...................................................................................9

        1.    This Court Should Promptly Dismiss Plaintiffs' Claims for the Same Reasons the Claims Were Previously Dismissed ..............................9
        2.    This Court Should Dismiss Plaintiffs' 93A Claims Because Employment Agreements Do Not Constitute Trade or Commerce, Therefore, there is No 93A Violation...........................................9
        3.    Plaintiffs Cannot Establish Their Breach of Good Faith and Fair Dealing Claims Because They Take Issue with Boston Beer Effecuating the Terms of Their Contracts, Not Destroying Their Rights Under the Contract ...........................................................10
        4.    Plaintiff's Unjust Enrichment Claims Fail Because Boston Beer Paid Plaintiffs Consideration in Exchange for the Non-competition Provision ...............................................................................11

IV.   CONCLUSION.....................................................................................................12

4932-8864-1408.9

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Allstate Ins. Co. v. Fougere,
   79 F.4th 172 (1st Cir. 2023)........................................................................................9

Bulwer v. Echonous, Inc.,
   2024 U.S. Dist. LEXIS 59367 (D. Mass. Mar. 29, 2024).............................................2

Covino v. Spirit Airlines, Inc.,
   406 F. Supp. 3d 147 (D. Mass. 2019) ..........................................................................2

Cynosure LLC v. Reveal Lasers LLC,
   2022 U.S. Dist. LEXIS 234160 (D. Mass. Nov. 9, 2022)..........................................7, 8

Debnam v. FedEx Home Delivery,
   766 F.3d 93 (1st Cir. 2014)........................................................................................10

Dorney v. Pindrop Sec., Inc.,
   2015 U.S. Dist. LEXIS 129312 (D. Mass. Sep. 25, 2015) .........................................12

Driscoll v. Simsbury Assocs.,
   2018 U.S. Dist. LEXIS 77890 (D. Mass. May 9, 2018) .............................................10

Evergreen Adhesives, Inc. v. 3M Co.,
   2023 U.S. Dist. LEXIS 154133 (D. Mass. Aug. 31, 2023)...........................................5

Fine v. Guardian Life Ins. Co. of Am.,
   450 F. Supp. 3d 20 (D. Mass. 2020) .....................................................................11, 12

Kahn v. EarthLink Bus., LLC,
   2018 U.S. Dist. LEXIS 241019 (D. Mass. Oct. 15, 2018).........................................12

KPM Analytics N. Am. Corp. v. Blue Sun Sci., LLC,
   No. 4:21-CV-10572-TSH, 2021 U.S. Dist. LEXIS 132167 (D. Mass. July 15,
   2021) .......................................................................................................................8, 10

MIT Fed. Credit Union v. Cordisco,
   470 F. Supp. 3d 81 (D. Mass. 2020) ............................................................................6

New England Gen-Connect, LLC v. US Carburetion, Inc.,
   2017 U.S. Dist. LEXIS 161614 (D. Mass. Sept. 29, 2017) ..........................................5

NuVasive, Inc. v. Day,
   C.A. No. 19-cv-10995, 2019 U.S. Dist. LEXIS 90388 (D. Mass. May 29,
   2019) .............................................................................................................................6

4932-8864-1408.9

Portier v. NEO Tech. Sols.,
　　2019 U.S. Dist. LEXIS 227494 (D. Mass. Dec. 31, 2019) .......................................................10

**State Cases**

Bleich v. Maimonides Sch.,
　　447 Mass. 38 (2006) ...............................................................................................................6

Informix, Inc. v. Rennell,
　　41 Mass. App. Ct. 161 (1996)................................................................................................9

Manning v. Zuckerman,
　　388 Mass. 8 (1983) ................................................................................................................9

Robert & Ardis James Found. v. Meyers,
　　474 Mass. 181 (2016) .....................................................................................................10, 11

Stone Legal Res. Grp., Inc. v. Glebus,
　　No. CA025136, 2002 Mass. Super. LEXIS 555 (Mass. Super. Dec. 16, 2002) .......................8

**State Statutes**

Mass. Gen. Laws c. 149, §24L(b).....................................................................................................6, 8

Massachusetts Consumer Protection Act, M.G.L. c. 93A, §11 .............................................1, 5, 9

Massachusetts Noncompetition Agreement Act, M.G.L. c. 149, §24L...........................................1

MNAA ........................................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 2, 5

4932-8864-1408.9

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant The Boston Beer Company, Inc. ("Boston Beer" or "Defendant") submits this memorandum in support of its Motion to Dismiss Plaintiffs' Complaint.

## I.    INTRODUCTION

Last year, this Court granted Boston Beer's motion to dismiss—in a similar case filed by *the same* Plaintiffs' counsel—claims against it for violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §11 ("93A"), breach of the covenant of good faith and fair dealing, and unjust enrichment.  Outrageously, Plaintiffs, through the same counsel, now assert the same defective claims on a purported classwide basis in a misguided second bite at the apple.  In this case, Plaintiffs have also brought an equally deficient claim under the Massachusetts Noncompetition Agreement Act, M.G.L. c. 149, §24L ("MNAA") based on an interpretation of the statute that defies the plain reading of the text and this Court's prior jurisprudence.

The named plaintiffs are former employees of Boston Beer.  Plaintiffs claim that they were unlawfully subjected to a non-competition agreement because Boston Beer elected to pay them "other mutually-agreed upon consideration" instead of "garden leave" pay, which the MNAA expressly permits.  In short, Plaintiffs ask this Court to read out of the statute the "other mutually-agreed upon consideration" language.  Because Boston Beer was entitled to provide consideration other than garden leave – which it did – in accordance with the MNAA and with the agreements with each Plaintiff, each of Plaintiffs' claims fails.

For the reasons set forth herein, Boston Beer respectfully requests that this Court dismiss the Complaint in its entirety.

## II.    RELEVANT FACTS[1]

### A.    Plaintiffs' Employment at Boston Beer

Ms. Murtagh was hired as a Senior Brewery Representative on August 29, 2019.  Cmplt., ⁋ 79; Murtagh Offer Letter, attached hereto as Exhibit A.[2]  Ms. Murtagh's Offer Letter enclosed an Employment Agreement ("Murtagh Employment Agreement"), which Ms. Murtagh was required to sign prior to her anticipated start date of September 15, 2019.  See Murtagh Offer Letter.  Ms. Murtagh electronically signed the Employment Agreement the same day she received the Offer Letter, on August 29, 2019.  See Cmplt., Exhibit 4.

Ms. Boyd was hired as a Brewery Representative by Boston Beer on June 17, 2021.  73; Boyd Offer Letter, attached hereto as Exhibit B.[3]  Ms. Boyd's Offer Letter likewise enclosed an Employment Agreement ("Boyd Employment Agreement"), which Ms. Boyd was required to sign prior to her anticipated start date of July 12, 2021.  See Boyd Offer Letter.  Like Ms. Murtagh, Ms. Boyd signed her Employment Agreement the same day she received the Offer Letter, on June 17, 2021.  See Cmplt., Exhibit 3.

The Offer Letters and Employment Agreements are identical with respect to the provisions relevant to this litigation:

---

[1]    For purposes of Defendant's Rule 12(b)(6) motion only, Boston Beer accepts Plaintiffs' allegations as true.

[2]    The Complaint references an employment agreement that Ms. Murtagh was required to sign.  Cmplt., ⁋80, Exhibit 4.  Ms. Murtagh's employment agreement was incorporated into her offer letter, which was not attached to the Complaint.  Because these documents are incorporated by reference, and Plaintiffs include their Employment Agreements as exhibits to the Complaint, Defendant requests that the Court incorporate Plaintiffs' offer letters into this motion to dismiss.  In considering the merits of this motion to dismiss, the Court may consider documents incorporated by reference in the complaint.  See Covino v. Spirit Airlines, Inc., 406 F. Supp. 3d 147, 149 (D. Mass. 2019) (citing Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000)).  See also Bulwer v. Echonous, Inc., 2024 U.S. Dist. LEXIS 59367, at *1-2 (D. Mass. Mar. 29, 2024) (taking into consideration the plaintiff's independent contractor agreement which was not attached to the complaint "but the authenticity of which is not disputed and which [was] central to the claims at issue[.]")

[3]    For the same reasons set forth with respect to Ms. Murtagh's Offer Letter, Boston Beer requests that the Court likewise accept Ms. Boyd's Offer Letter as part of the motion to dismiss.

4932-8864-1408.9

- The Offer Letters include a section "**Employment Agreement**" (emphasis in Offer Letter) which state:

  > As a condition of your employment in this position, you are required to sign and return to Boston Beer the attached Employment Agreement prior to your start date and you acknowledge that you have been given ten (10) business days to review this document prior to your start date.  The Employment Agreement is incorporated into and is a part of this offer of employment.  As additional consideration for your agreeing to and complying with the non-competition provision set forth in Section 4(a) of the Employment Agreement, Boston Beer agrees to pay you 3,000 (minus all required tax withholdings) at the time your employment with Boston Beer terminates, if your employment terminates on account of your voluntary resignation, or if Boston Beer terminates your employment with cause (as cause is defined in the Employment Agreement), subject to BBC's election, at the time of the termination, to enforce the non-competition covenant.  Please review the Employment Agreement carefully.  You have the right to consult with an attorney about the Employment Agreement before signing it.

- In turn, Paragraph 4(a) of the Employment Agreement, "Covenant Not-to-Compete" contains the following relevant provision:

  > During the period commencing on the date hereof and continuing until the expiration of one (1) year from the date on which the Employee's employment with the Company terminates (the "Restricted Period"), the Employee shall not, without the prior consent of the Company, which consent the Company may grant or withhold in its sole discretion, directly or indirectly, for his or her own account or the account of others, in any geographic areas in which Employee provided services to the Company, or about which Employee obtained Proprietary Information, during the last two years of his/her employment by the Company, as an employee… or otherwise, engage in the importing, production, marketing, sale or distribution to distributors of any beer, malt beverage, hard cider or product produced by the Company at any time during the Employee's tenure with the Company… which has a wholesale price within twenty-five (25%) of the wholesale price of any of the Company's products[.]

- Paragraph 4(d) of the Employment Agreement (still within the "Covenant-Not-to-Compete" section) states in part:

  > Employee shall provide the Company with thirty (30) days advance written notice of his or her voluntary termination of employment.

3

4932-8864-1408.9

> Such notice shall specify the name of his or her prospective new employer, his or her title and job responsibilities for such new employer, and the date on which such new employment is scheduled to begin.  If Employee has obtained other employment with a company which may be covered by Section 4(a)(i) or (ii), Employee shall provide a copy of the offer letter or other agreement with the new employer to the Company.  This notice is also required when Employee changes jobs during the Restricted Period…. At or before the termination date, Employer shall determine whether or not it wishes to enforce or waive the non-competition provision in Section 4(a), and will so notify Employee of its determination.    If the Company elects to enforce such provision, the Employee (i) shall comply with Section 4(a), and (ii) the Company shall pay Employee, as additional consideration for his/her compliance with Section 4(a), the amount set forth as such additional consideration in the Offer Letter provided to and signed by Employee[.]

Ms. Murtagh's employment with Boston Beer ended in April 2023. (Compl., ¶ 82.)  Boston Beer elected to enforce the Covenant Not-to-Compete provision in her Employment Agreement and paid Ms. Murtagh $3,000 less tax withholdings.  (Compl., ¶ 83.)  Ms. Boyd's employment with Boston Beer ended in August 2025.  (Compl., ¶ 76.)  Boston Beer elected to enforce the Covenant Not-to-Compete provision in her Employment Agreement and paid Ms. Boyd $3,000 less tax withholdings. (Compl., ¶ 77.)

### B.    Procedural History of Related Case

This is not the first case Plaintiffs' counsel has brought against Boston Beer on behalf of former employees.  Also pending before this court is Brennan v. The Boston Beer Company, Inc., 1:24-cv-10029-GAO ("Related Proceeding").[4]  In September 2024, Boston Beer filed a partial

---

[4]    In January 2024, John Brennan filed a complaint against Boston Beer in the Related Proceeding. In March 2024, Katherine Fritts was added as a plaintiff to that case, and Mr. Brennan and Ms. Fritts filed an Amended Complaint. See Related Proceeding, Dkt. No. 4.  In the interim, counsel for Mr. Brennan and Ms. Fritts filed a complaint on behalf of Maxx Hockenberry in the Western District for the District of Washington in February 2024. Hockenberry v. The Boston Beer Company Inc, 2:24cv141 ("Hockenberry Litigation").  In March 2024, the same counsel also filed a complaint on behalf of Casey Gospodarek in this Court.  Gospodarek v. The Boston Beer Company, Inc., 1:24-cv-10812-GAO ("Gospodarek Litigation").  Mr. Hockenberry dismissed his complaint in June 2024 (see Hockenberry Litigation, Dkt. Nos. 11 and 12) and this Court consolidated the Related Proceeding with the Gospodarek Litigation.  See Related Proceeding, Dkt. No. 20; Gospodarek Litigation, Dkt. No. 6.  In August 2024, an Amended Complaint (Consolidated) was filed on behalf of Mr. Brennan, Ms. Fritts, Mr. Hockenberry and Ms. Gospodarek in August 2024.  See Related Proceeding, Dkt. No. 30.

4932-8864-1408.9

motion to dismiss certain claims in the Related Proceeding ("Prior Motion to Dismiss"). Specifically, and as relevant here, Boston Beer sought to dismiss the following claims:

- Count IV: Breach of Contract

- Count V: Breach of Implied Covenant of Good Faith and Fair Dealing

- Count VI: Unjust Enrichment

- Count VIII: Massachusetts Consumer Protection Act, M.G.L. c. 93A, §11.

On October 30, 2024, the Court held a hearing on Boston Beer's Prior Motion to Dismiss and took the matter under advisement. On November 22, 2024, the Court granted Boston Beer's motion to dismiss each of these four claims. See Related Proceeding, ECF Docket No. 41.

Approximately one year after the Court dismissed these four claims, counsel filed the instant Complaint based on nearly identical facts and the same legal theories, including claims identical to those that this Court dismissed in the Related Proceeding.

Now, Boston Beer seeks to dismiss this Complaint in its entirety.

### III.    ARGUMENT

#### A.    Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Evergreen Adhesives, Inc. v. 3M Co., 2023 U.S. Dist. LEXIS 154133, at *1 (D. Mass. Aug. 31, 2023) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the statement of a claim for relief; it is not a procedure for resolving the facts or merits of a case. New England Gen-Connect, LLC v. US Carburetion, Inc., 2017 U.S. Dist. LEXIS 161614, at *3 (D. Mass. Sept. 29, 2017) (citing

Formulatrix, Inc. v. Rigaku Automation, Inc., 2016 U.S. Dist. LEXIS 45437, 2016 WL 8710448, at *2 (D. Mass. Apr. 1, 2016).  When rendering a determination on a motion to dismiss, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice.  MIT Fed. Credit Union v. Cordisco, 470 F. Supp. 3d 81, 84 (D. Mass. 2020) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)).

**B.      The MNAA Does Not Require Employers to Pay Garden Leave and Boston Beer's Non-Competition Provision Complies with the MNAA By Providing Other Mutually-Agreed Upon Consideration**

The MNAA states that "[t]he noncompetition agreement [as defined by the MNAA] shall be supported by a garden leave clause **or** other mutually-agreed upon consideration between the employer and the employee, provided that such consideration is specified in the noncompetition agreement."  M.G.L. c. 149, §24L(b)(vii) (emphasis added).  See Bleich v. Maimonides Sch., 447 Mass. 38, 46-47, 849 N.E.2d 185, 191 (2006) (noting the fundamental principle of statutory construction that the word "or" is disjunctive, unless the context and the main purpose of all of the words demand otherwise).  This Court has considered this provision on numerous occasions and has consistently found – consistent with the plain language of the statute – that consideration **other than** garden leave was or would be sufficient under the MNAA.

In NuVasive, Inc. v. Day, C.A. No. 19-cv-10995, 2019 U.S. Dist. LEXIS 90388, at *13 (D. Mass. May 29, 2019), this Court held that "[a]s to the apparent absence of a 'garden leave' clause as required in the [MNAA], even the [MNAA] allows for the alternative of 'mutually-agreed upon consideration' cited in the agreement, as it was here[.]"  That agreement contained the following clause, which the Court found met the MNAA's requirements, despite the lack of a garden leave clause:

> In consideration of my engagement by the Company, the compensation I (the **"Shareholder"**) receive from the Company (including for example monetary compensation, Company goodwill, confidential information, restricted stock units

6

and/or specialized training), and the Proprietary Information that will be entrusted to me in my capacity as an employee or agent of the Company, and where permitted by the state in which I perform the services subject to this Agreement, my continued engagement with the Company, I agree to certain restrictions placed by the Company on my use of information belonging to the Company.

Id. at Dkt No. 1-1, p. 2.  Notably that clause provided for unspecified monetary compensation, Company goodwill, confidential information, restricted stock units and/**or** specialized training, which the Court found was sufficient consideration under the MNAA.  Id. (emphasis added).

In Cynosure LLC v. Reveal Lasers LLC, 2022 U.S. Dist. LEXIS 234160, at *29 (D. Mass. Nov. 9, 2022), the Court analyzed two different agreements to determine whether they included sufficient consideration under the MNAA.  With respect to the first agreement, the Employee Option Agreement ("Equity Agreement"), this Court held that the Equity Agreement contained mutually-agreed upon consideration, "that is, the stock options, in lieu of a 'garden clause' as permitted by the MNAA."  Id.  The provision that this Court deemed was valid stated:

> Section 2(b):  Restrictive Covenants.  In consideration of the receipt of the Options set forth in Section 1, the Employee agrees to be bound by the covenants in Exhibit A to this Agreement; it being understood that the Employee shall be required to comply with such covenants even if the Employee has vested in, exercised, or forfeited all of the Options, or sold the Shares underlying the Options.

Id. at *20-21.  Indeed, despite the potential for an employee to forfeit **all** of their options, this provision was still found to be permissible as "other mutually-agreed upon consideration[.]"

This Court also considered a second agreement in that case – the Cynosure Employee Intellectual Property Rights, Confidentiality and Protective Covenants Agreements ("CEIP"). Unlike the Equity Agreement, the CEIP "[did] not provide stock options or other additional compensation as consideration for signing the restrictive covenants.  It provide[d] that it is 'in consideration of Employee's employment or continued employment[].' " Id. at *23.  With respect to the CEIP, the Court held that because that agreement was signed at the start of the individual's employment, as compared to during employment, the consideration of employment was sufficient

7

under Massachusetts law.  Id. at *30. ("In Massachusetts, the start of employment is sufficient consideration for a non-competition agreement. Compare Stone Legal Res. Grp., Inc. v. Glebus, No. CA025136, 2002 Mass. Super. LEXIS 555, 2002 WL 35654421, at *5 (Mass. Super. Dec. 16, 2002) (explaining that there is sufficient consideration at the beginning of employment because the non-competition is signed in exchange for employment)) with Mass. Gen. Laws ch. 149, § 24L(b)(ii) (requiring 'fair and reasonable consideration independent from the continuation of employment' if a noncompete is entered into after the commencement of employment and not in connection with the separation of employment")).  Id.

This Court has repeatedly determined that employers may provide mutually-agreed upon consideration that is **not** garden leave, precisely what the MNAA states.[5]  Plaintiffs have alleged that Boston Beer paid them each $3,000 as consideration for the non-competition agreement. Therefore, Boston Beer abided by the "other mutually-agreed upon consideration" provision in the MNAA.  Because Boston Beer paid proper consideration to Plaintiffs, there is no violation of the MNAA.  See e.g., KPM Analytics N. Am. Corp. v. Blue Sun Sci., LLC, No. 4:21-CV-10572-TSH, 2021 U.S. Dist. LEXIS 132167, at *96-97 (D. Mass. July 15, 2021) (granting a defendant's motion to dismiss former employer's breach of contract claim with respect to his restrictive covenant agreement because it did "not contain a garden leave clause **or** another mutually agreed upon form of consideration.") (Emphasis added.) For this reason, Plaintiffs' Count I of the Complaint should be dismissed.

---

[5]  Plaintiffs' Complaint oddly asserts that employers and employees may agree to the provision of "stock options, more generous vacation terms, earlier vesting of stock units, additional specialized training and support (separate from that already provided by the employer), or access to a company-provided car or living quarters" without running afoul of the MNAA.  Cmplt., §30.  However, such an assertion cannot be squared with their subsequent allegation that "[a]llowing employers to pay former employees a fraction of what is otherwise due for garden leave would render the [MNAA's] garden leave provision meaningless and frustrate the Act's purpose." Cmplt., §32.

    **C.**       **Plaintiff's 93A Claims (Count II) and Common Law Claims (Counts III and IV) Should be Dismissed and Defendant Should be Awarded Fees Because Boston Beer Successfully Moved to Dismiss These Claims in the Related Proceeding**

        **1.**       **This Court Should Promptly Dismiss Plaintiffs' Claims for the Same Reasons the Claims Were Previously Dismissed**

As set forth herein, Boston Beer has already successfully moved to dismiss 93A, Breach of Implied Covenant of Good Faith and Fair Dealing and Unjust Enrichment claims based on identical facts with respect to Boston Beer's use of its non-competition agreement in the Related Proceeding.  Without offering any new factual allegations, Plaintiffs Murtagh and Boyd seek to relitigate these same exact claims.  The Court need not engage in any separate legal analysis and should promptly dismiss Counts II, III and IV of the instant Complaint for the same reasons those claims were dismissed in the Related Proceeding.  Further, this Cout should award Boston Beer its fees associated with having to relitigate these issues.

        **2.**       **This Court Should Dismiss Plaintiffs' 93A Claims Because Employment Agreements Do Not Constitute Trade or Commerce, Therefore, there is No 93A Violation**

Plaintiffs claim that Boston Beer engaged in unfair and deceptive acts and practices in violation of M.G.L. c. 93A §11.  However, Plaintiffs cannot state a claim of a Chapter 93A violation because Massachusetts law is clear that "[e]mployment agreements between an employee and his employer do not constitute either 'trade' or 'commerce' [under Chapter 93A]." Manning v. Zuckerman, 388 Mass. 8, 13, 444 N.E.2d 1262 (1983); Informix, Inc. v. Rennell, 41 Mass. App. Ct. 161, 162-63, 668 N.E.2d 1351 (1996). See also Allstate Ins. Co. v. Fougere, 79 F.4th 172, 186 (1st Cir. 2023) ("[d]esigned 'to encourage more equitable behavior in the marketplace[…, 93A] applies to transactions that are commercial in nature between parties engaged in 'trade or commerce,' […and] excludes certain transactions, such as strictly private transactions like those between business partners or an employer and employee.")  Furthermore, the First Circuit has

9

noted Massachusetts law holding that "an employee cannot bring a suit against his or her employer under Chapter 93A." Debnam v. FedEx Home Delivery, 766 F.3d 93, 96-97 (1st Cir. 2014). See also Portier v. NEO Tech. Sols., 2019 U.S. Dist. LEXIS 227494, *73 (D. Mass. Dec. 31, 2019) ("it is well-established that Chapter 93A does not apply to claims made by an employee against an employer."); Driscoll v. Simsbury Assocs., 2018 U.S. Dist. LEXIS 77890, *19 (D. Mass. May 9, 2018) (dismissing the plaintiff's 93A claim because "it is based exclusively upon [the] [p]laintiff's employment relationship with [the] [d]efendant, and therefore [plaintiff] is not entitled to invoke the protections of the Chapter 93A.")

Simply put, chapter 93A does not apply to this dispute because it arises strictly from Plaintiffs' respective employment with Boston Beer. To that end, Plaintiffs' 93A claim must be dismissed.

> **3.    Plaintiffs Cannot Establish Their Breach of Good Faith and Fair Dealing Claims Because They Take Issue with Boston Beer Effecuating the Terms of Their Contracts, Not Destroying Their Rights Under the Contract**

Plaintiffs' claim of Breach of Implied Covenant of Good Faith and Fair Dealing also fails. Plaintiffs bizarrely claim that by effectuating the terms of the contract (i.e., paying the employees the agreed-upon consideration specified in their agreement), Boston Beer has breached the covenant of good faith and fair dealing. "The covenant of good faith and fair dealing is implied in every contract[.]" Robert & Ardis James Found. v. Meyers, 474 Mass. 181, 189, 48 N.E.3d 442, 449-50 (2016). "To prevail on an implied duty of good faith and fair dealing claim, 'a plaintiff must [first] prove that there existed an enforceable contract between the two parties[.]' " KPM Analytics N. Am. Corp., No. 4:21-CV-10572-TSH, 2021 U.S. Dist. LEXIS 132167, at *53-54 (citing Boyle v. Douglas Dynamics, LLC, 292 F.Supp.2d 198, 209-10 (D. Mass. 2003)). **"The covenant 'exists so that the objectives of the contract may be realized.' "** Robert & Ardis

10

James Found., 474 Mass. at 189, 48 N.E.3d at 449-50 (citing Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385, 822 N.E.2d 667 (2005), cert. denied sub nom. Globe Newspaper Co. v. Ayash, 546 U.S. 927, 126 S. Ct. 397, 163 L. Ed. 2d 275 (2005)) (emphasis added).  "It provides 'that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to **receive the fruits of the contract.**' " Id. (citing Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471-472, 583 N.E. 2d 806 (1991), quoting Druker v. Roland Wm. Jutras Assocs., Inc., 370 Mass. 383, 385, 348 N.E.2d 763 (1976)) (emphasis added).

Plaintiffs do not assert that Boston Beer did anything to injure their rights to receive the fruits of the contract or their realization of the objectives of the contract.  Quite the opposite, Plaintiffs effectively assert that by enforcing the terms of the contract (paying each of the named plaintiffs $3,000 in exchange for the Covenant Not-to-Compete), Boston Beer has somehow breached the covenant of good faith and fair dealing.  In fact, the entire crux of Plaintiffs' Complaint is that they want something *other than* to receive the fruits of their respective contracts, nor do they want Boston Beer to realize the objective of the agreements.  For this reason, Plaintiffs' Count III fails.

### 4.    Plaintiff's Unjust Enrichment Claims Fail Because Boston Beer Paid Plaintiffs Consideration in Exchange for the Non-competition Provision

Unjust enrichment is the "retention of money or property of another against the fundamental principles of justice or equity and good conscience." Fine v. Guardian Life Ins. Co. of Am., 450 F. Supp. 3d 20, 35 (D. Mass. 2020) (citing Koufos v. U.S. Bank, N.A., 939 F. Supp. 2d 40, 52 (D. Mass. 2013) (quoting Santagate v. Tower, 64 Mass. App. Ct. 324, 329, 833 N.E.2d 171, 176 (2005)).  In order to establish a claim for unjust enrichment, a plaintiff must establish (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the

11

circumstances would be inequitable without payment for its value. Id.  Here, Plaintiffs have not alleged that they conferred any benefit upon Boston Beer or that Boston Beer retained money or property in inequitable circumstances.  Any benefit that Plaintiffs bestowed upon Boston Beer was paid for via the consideration set forth in Plaintiffs' respective Employment Agreements.  This is not a situation where Plaintiffs allege that they did not receive any compensation or valuable consideration.  See Dorney v. Pindrop Sec., Inc., 2015 U.S. Dist. LEXIS 129312, at \*17 (D. Mass. Sep. 25, 2015) (making out a claim for unjust enrichment where the plaintiff alleged he had not received compensation for sales he made for the defendant).  Instead, Plaintiffs allege that Boston Beer has received an "unjust windfall" by electing not to pay garden leave under the MNAA, but there can be no dispute that Boston Beer paid Plaintiffs in accordance with the terms of the respective agreements and that they received the consideration to which they were entitled.  See e.g., Kahn v. EarthLink Bus., LLC, 2018 U.S. Dist. LEXIS 241019, at \*15-16 (D. Mass. Oct. 15, 2018) (granting summary judgment motion where the defendant continued to provide some services at a cost to defendant, which the plaintiff then paid pursuant to the governing contracts).

Boston Beer provided Plaintiffs with consideration in exchange for them agreeing to adhere to the restrictive covenants contained in their respective agreements.  Plaintiffs may think that the consideration is unfair or regret their decisions to sign their agreements, but this does not establish a claim for unjust enrichment because Boston Beer did not accept a benefit without payment/consideration for its value.  Count IV should be dismissed.

## IV.    CONCLUSION

For the reasons stated herein, Boston Beer respectfully requests that this Court dismiss the Complaint in its entirety and award it fees for its litigation of Counts II, III and IV.

4932-8864-1408.9

Respectfully submitted,


*/s/ Jessica S. Jewell*
Jessica S. Jewell (BBO# 679489)
Matthew T. McLaughlin (BBO #660878)
Nixon Peabody LLP
53 State Street
Boston, MA 02109
Ph. (401) 454-1046
Fax: (855) 858-8804
Email: jsjewell@nixonpeabody.com
          mmclaughlin@nixonpeabody.com

Dated: March 6, 2026

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed and served a copy of the within document via the Court's Electronic Filing System to all counsel of record registered and able to receive Electronic Filings in this case on this 6th day of March 2026.

*/s/ Jessica S. Jewell*

13

4932-8864-1408.9