**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HAILEY BOYD and GRACE MURTAGH, | Hon. George A. O'Toole, Jr. |
| **Plaintiffs,** | Case. No. 1:25-cv-13618 |
| **v.** | Leave to File Granted on May 1, 2026 |
| THE BOSTON BEER COMPANY, INC. | |
| **Defendant.** | |

<u>**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANT BOSTON BEER'S MOTION TO DISMISS**</u>

Plaintiffs Hailey Boyd and Grace Murtagh ("Plaintiffs") submit this Sur-Reply to Defendant The Boston Beer Company, Inc.'s ("Boston Beer" or "Defendant") Reply Memornadum in Support of its Motion to Dismiss Plaintiffs' Complaint.

The Massachusetts Noncompetition Agreement Act ("MNAA") states that if employers wish to enforce a noncompetition agreement, they must pay "garden leave" (an amount equal to six months of the former employee's highest annual salary over the preceding two years) or "other mutually-agreed upon consideration…" G.L. 149 § 24L(b)(vii). Boston Beer violates the MNAA by paying a deficient garden leave amount of $3,000 and calling it "other consideration." *See* DE 1 at 2 ¶¶ 54-59. After arguing in its initial briefing that a single $3,000 payment satisfied the MNAA's "other consideration" requirement, Boston Beer pivots on reply to argue, for the first time, that the consideration provided included unspecified training and an equity incentive plan in addition to the previously identified $3,000. *See* DE 18. For the reasons set forth below, the Court

should reject Boston Beer's attempt to introduce tardy *post facto* explanations for its "other consideration" and deny Boston Beer's Motion to Dismiss.[1]

## **ARGUMENT**

The first problem with Boston Beer's expanded consideration argument is that it contradicts Boston Beer's own Employment Agreement. Boston Beer's offer letter states that "[a]s additional consideration for your agreeing to and complying with the non-competition provision set forth in Section 4(a) of the Employment Agreement, Boston Beer agrees to pay you $3,000 (minus all required tax withholdings), at the time your employment terminates …" *See* DE 14-1, 14-2 at 4. While agreeing to the Employment Agreement is "a condition of [] employment…", the offer letter announces that Boston Beer will provide "additional consideration" of $3,000 for "agreeing to and complying with the non-competition provision…" *Id*. It makes sense that Boston Beer would require an additional payment as consideration for the non-competition agreement because this is precisely what the MNAA requires. *See* G.L. 149 § 24L(b)(vii). Further, Boston Beer's Employment Agreement follows the same structure by stating that, if it elects to enforce the non-competition agreement, "[t]he Company shall pay Employee, as additional consideration for his/her compliance with [the non-competition provision], the amount set forth as additional consideration in the Offer Letter…" *See* DE 1-3, 1-4 at ¶ 4(d). Again, the only consideration identified as supporting the separate non-competition agreement is the payment of $3,000. Boston Beer's own Employment Agreement leaves no room for a different interpretation.

The second problem with Boston Beer's argument is it requires making up facts that were never pled and contradicting documents referenced in Plaintiffs' Complaint. *See Foley v. Wells*

---

[1] Plaintiffs do not discuss the merits of the Reply's other arguments in this Sur-Reply and instead stand on the arguments raised in their Response.

*Fargo Bank, N.A.*, 772 F.3d 63, 71 (1st Cir. 2014) (internal citations omitted) ("The court must take all of the pleaded factual allegations in the complaint as true."). Plaintiffs alleged that "Boston Beer does not provide any additional consideration beyond $3,000…in exchange for the noncompetition agreement." DE 1 at ¶ 54. Plaintiffs acknowledged that there could be a hypothetical world in which parties negotiate "other consideration" to support a non-competition agreement that would include specialized training or stock offerings, and that such negotiated benefits could satisfy the MNAA. *See* DE 15 at 6. But such a scenario is not present here. Plaintiffs' allegations, the offer letters, and the Employment Agreements all confirm that the only consideration provided to Plaintiffs for the non-competition agreement was a payment of $3,000. Boston Beer cannot argue otherwise.

Third, it makes no sense that training and participation in an equity program would constitute consideration in *this* case. Boston Beer's non-competition agreement only becomes effective after Boston Beer elects to enforce it, which occurs after the employment relationship ends. *See* DE 1 at ¶¶ 76-77, 82-83. Boston Beer asks the Court to accept that generalized training and unspecified stock offerings offered during employment would constitute consideration for an agreement that Boston Beer has not yet decided to enforce. Such a leap is unfounded.

Finally, the public record directly undermines Boston Beer's theory as a factual matter. In *Boston Beer Corporation v. Hausner*, No. 11-CV-11706-GAO (D. Mass. filed Sept. 27, 2011), DE 1-1, Boston Beer filed a copy of its Employment Agreement from 2006, predating the MNAA's enactment ("2006 Employment Agreement"), which contained a non-compete provision. The 2006 Employment Agreement similarly provided for participation in an equity incentive plan and training for Boston Beer employees, yet contained no lump-sum payment as consideration for the

3

non-compete provision.[2] Boston Beer began including the $3,000 payment in its employment agreements only after the MNAA took effect. The record speaks for itself: the $3,000 payment was Boston Beer's deliberate, MNAA-specific response (albeit deficient) to the new statutory requirement. This means that training and equity plan eligibility were pre-existing features of Boston Beer's offerings that long predated the MNAA. Boston Beer cannot now repackage them, *post facto*, as MNAA-compliant consideration simply because it concluded, after Plaintiffs' Response, that a $3,000 payment is an inadequate garden leave payment under the MNAA.

## CONCLUSION

Plaintiffs respectfully request that Defendant's Motion to Dismiss be denied.

Respectfully Submitted,

Ashley M. Pileika
Massachusetts State Bar No. 709954
Darren R. Wolf
Texas State Bar No. 24072430
**Law Office of Darren Wolf, P.C.**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
P:  214-346-5355 | F: 214-346-5909
ashley@darrenwolf.com
darren@darrenwolf.com

Joel Wertheimer
New York State Bar No. 4922449
**Wertheimer LLC**
14 Wall Street, Suite 1603
New York, New York 10005
P: 646-720-1098
joel@ joelwertheimer.com

---

[2] While the Court can take judicial notice of publicly filed documents, Plaintiffs attach the 2006 Employment Agreement as Exhibit A to this Sur-Reply for convenience.

Patrick M. Wallace
North Carolina State Bar No. 48138
Jeremy R. Williams
North Carolina State Bar No. 48162
Kathryn Anne B. Robinson
North Carolina State Bar No. 61092
**Lee Segui PLLC**
421 N. Harrington St. Suite 460
Raleigh, NC 27603
P: 919-421-7781
pwallace@leesegui.com
jwilliams@leesegui.com
krobinson@leesegui.com

## Certificate of Service

I, Ashley M. Pileika, hereby certify that on May 1, 2026, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first class mail to all non-registered participants.

_____
Ashley M. Pileika